UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                        CASE NO: 8:18-cr-10-CEH-CPT

MILTON JAVIER MERO-
VALENCIA
_____/

# ORDER

This matter comes before the Court on Defendant's Motion to Reduce Sentence under Federal Rule 35(b). Doc. 121. In the motion, Defendant requests the Court compel the Government to file a Rule 35(b) motion on his behalf. The Government filed a response in opposition (Doc. 123), and Defendant replied (Doc. 129). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion to Reduce Sentence under Federal Rule 35(b).

Also pending is Defendant's Motion for Status or Judgment (Doc. 126), in which Defendant seeks an order granting the motion to compel (Doc. 121) because no response was filed by the Government. The Government did file a response to Defendant's motion. *See* Doc. 123. Thus, Defendant's motion will be denied as moot.

I.     **STATEMENT OF FACTS**

On May 1, 2018, Defendant Milton Javier Mero-Valencia pleaded guilty to Count One of the Indictment which charged him with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. Docs. 1, 35, 51. On August 1, 2018,

this Court granted a two-level reduction in Defendant's sentence pursuant to the Government's motion for reduction in sentence based on substantial assistance (Docs. 64, 95) and sentenced Defendant to be imprisoned for a total term of 108 months, with a term of five years of supervised release. Doc. 96. On August 28, 2019, Defendant, proceeding *pro se*, moved for a reduction in his sentence based on his substantial assistance in providing information in April 2018 regarding a Mr. Ferney a/k/a "El Viejo" who was purportedly the boss of the crew. Doc. 121. In response, the Government asserts that Defendant has failed to demonstrate any discriminatory animus in the Government's decision not to file a Rule 35(b) motion on his behalf. Doc. 123. Additionally, the Government notes that a motion for a reduction in sentence has already been filed and granted based on the substantial assistance that Defendant previously provided. Doc. 123 at 2; *see also* Docs. 64, 95.

**II.   LEGAL STANDARD**

In pertinent part, Federal Rule of Criminal Procedure 35(b) states:

(b) Reducing a Sentence for Substantial Assistance.

> (1) In General. Upon the government's motion made within one year of sentencing, the court may reduce a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person.
> (2) Later Motion. Upon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved:
> > (A) information not known to the defendant until one year or more after sentencing;
> > (B) information provided by the defendant to the government within one year of sentencing, but which did not become useful to the government until more than one year after sentencing; or

> (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant.

Fed. R. Crim. P. 35(b).

### III.   DISCUSSION

"'Federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive,' like 'race or religion.'" *United States v. Dorsey*, 554 F.3d 958, 961 (11th Cir. 2009) (quoting *Wade v. U.S.*, 504 U.S. 181, 185–86 (1992)). Moreover, the Government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade*, 504 U.S. at 185. However, "a prosecutor's discretion when exercising that power is subject to constitutional limitations that district courts can enforce." *Wade*, 504 U.S. at 185-86. Nonetheless, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing. Nor would additional but generalized allegations of improper motive." *Wade*, 504 U.S at 186 (citation omitted). However, "judicial review is appropriate when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." *United States v. Forney*, 9 F.3d 1492, 1502-1503 (11th Cir. 1993) (citing *Wade*, 504 U.S. at 185-186) (emphasis in original).

Here, Defendant seeks a sentence reduction because he provided substantial assistance in April 2018 which he claims resulted in the arrest of Mr. Ferney, the boss of the crew Defendant was a part of. Doc. 121. In response, the Government argues that Defendant does not raise a constitutional motive for the Government's refusal to file another Rule 35(b) motion. Doc. 123. Moreover, the Defendant already received a two-level sentence reduction based on the substantial assistance that Defendant provided. Doc. 123 at 2, n.1. Thus, the Government submits it will not be filing a motion on Defendant's behalf and argues Defendant's motion should be denied.

As discussed above, Defendant already received a two-level sentence reduction for the substantial assistance he provided and there is no indication that further substantial assistance was given since then. Moreover, Defendant has not alleged, nor provided, a substantial showing that the Government's refusal to file a Rule 35 substantial assistance motion is based on a constitutionally impermissible motive. Accordingly, Defendant's motion for reduction in sentence based on substantial assistance is due to be denied.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Reduce Sentence under Federal Rule 35(b) (Doc. 121) is **DENIED**.

2. Defendant's Motion for Status or Judgment (Doc. 126) is **DENIED as moot**.

**DONE AND ORDERED** in Tampa, Florida on July 5, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Milton Javier Mero-Valencia, *pro se*
Counsel of Record